UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 05 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| JULIET R. COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 2190 |
| ) | |
| JOHN CONYERS, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Generally, plaintiff alleges that the defendants are responsible for her unlawful conviction and resulting incarceration. She asks this Court to vacate her conviction and to release her from prison immediately.

A petition for writ of habeas corpus ordinarily would be the proper vehicle for challenging the fact of petitioner's physical confinement. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). Plaintiff must do so by filing a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. Section 2255 in relevant part provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction can both be raised in a motion under Section 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding errors that occurred before or during sentencing).

It appears that plaintiff was convicted in the United States District Court for the Northern District of Georgia, and this action cannot properly proceed in this district. The Court will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

Date: 11/21/07

/s/ Ellen S Huvelle
United States District Judge

2